UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PLANNED PROPERTY DEVELOPMENTS, INC., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:     05-1397** |
| **THE M/V RODON AMARANDON, ET AL** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Compel Defendant, Zenith Pioneer SA to File More Complete Responses to the Second Set of Request for Production of Documents Propounded by Plaintiffs, Planned Property Developments, Inc., CSS Atlanta, Inc. and Carline Management Company, Inc. (doc. # 90)** filed by the plaintiffs Planned Property Developments, Inc., CSS Atlanta, Inc., and Carline Management Company, Inc. ("collectively, "PPD") seeking an order from this Court compelling the defendant, Zenith Pioneer, SA ("Zenith") to file more complete responses to its requests for production.

Zenith filed an opposition motion. The motion was heard with oral argument on April 26, 2006.

**I.     Background**

Planned Property Developments ("PPD") is the owner of the M/V CSS Arkansas ("the Arkansas"). On February 10, 2005, the Arkansas and another vessel, the M/V CSS Virginia, were

tandem towing seven barges.  According to PPD's complaint, when the M/V Rodon Amarandon attempted to pass the tandem tow, it collided with the Arkansas.  The collision resulted in the sinking of the Arkansas, the sinking of one of the barges towed by the Arkansas, and substantial damage to the other barges.  PPD also alleges that several crew members of the Arkansas sustained personal injuries.

On February 11, 2005, PPD, along with the charterer and the employer of the crew of the Arkansas brought this action in the Middle District of Louisiana, against the M/V Rodon Amarandon, its alleged owner, and its insurance company seeking damages from the collision along with indemnification and/or reimbursement.  On April 8, 2005, this case was transferred to the Eastern District of Louisiana.

On May 7, 2005, PPD propounded a second set of requests for production on Zenith. Zenith responded on August 3, 2005.  Sometime in October of 2005, PPD advised Zenith that several of its responses to PPD's second set of requests for production were deficient.  PPD eventually received satisfactory responses to all but request for production number 3 and 11.

PPD then filed the subject motion seeking an order from this Court compelling Zenith to fully answer requests for production number 3 and 11.  Zenith opposes the motion contending that it fully answered the requests, and thus there is nothing for this Court to compel.

**II.   Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." However,  discovery may be "limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2).

The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Hebert v Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

### III. Analysis

#### A. Request for Production Number 3

Request for Production number 3 seeks "[a]ny and all vessel logs, including all rough and smooth, bridge and/or masters logs, official logs, deck logs, engine room logs and/or any other type of logs maintained aboard the vessel for the period of thirty (30) days before and after the date of the subject collision." (Pl. Mem. Ex. A). PPD alleges that the radio logs for the period of January 10 through February 10, 2005 were not provided with the responses. Zenith contends that it produced the requested radio logs with its responses and therefore there is nothing more to compel.

During the hearing on this matter, PPD explained that after the filing of the subject motion, Zenith advised it that it had, in fact, received the radio logs for the correct time period, however, the radio logs were misidentified in the responses.[1] PPD further explained that the log that was not produced for the full time period was a different type of log that was misidentified as the radio logs. Neither Zenith nor PPD could identify for the Court what type of log was misidentified as

---

[1] The Court notes that all the logs are written in Greek.

a radio log as the logs are written in Greek.  However, the Court noted that the misidentified log was not produced from January 10 through February 10, 2005 as requested in the discovery responses.  Accordingly, the Court ordered that the log be produced for the requested dates.

      **B.**     <u>**Request for Production Number 11**</u>

Request for Production Number 11 seeks "[c]omplete correspondence filed maintained aboard your vessel including correspondence, e-mails, telexes and other communications with owners, operators, charterers, agents, and third parties from January 10, 1005 through the time that the M/V Rodon Amarandon offloaded following the collision and departed Louisiana." (Pl. Mem. Ex. A at 3).  Zenith provided all of the incoming and outgoing correspondence it possessed from the requested dates, however, it added in its response that "in accordance with customary practice, the Master took 'his' files with him when he signed off the Vessel.  Consequently, it is not known whether the documents contained in [the attached exhibits] include all communication to and from the Vessel for the subject periods of time requested."  (Pl. Ex. B at 6).

PPD alleges that prior to the filing of the subject motion, Zenith advised it that it was attempting to obtain any responsive files taken by the Master when he left the ship.  However, PPD alleges that it never received any more files from Zenith responsive to the request.

Zenith alleges that it would be unlikely that the Master took more than his personal files with him when he left the vessel.   Further, Zenith contends that it contacted the Master and inquired whether he had taken any correspondence files off the vessel.  Zenith attaches the email response which states, in full, "[w]ith reference to your message today as I can remember copies of all documents in my possession delivered to owners.  Wishing all the best.  Rgds/Master."  ( Def. Mem. Ex. B).

At the hearing, PPD alleges that the email is deficient for two reasons.  First, the email is

not signed by name so PPD is unable to decipher exactly who sent the email. Second, PPD alleges that the email does not indicate that the sender only took his personal files. Instead, PPD alleges, that the email indicates to the best of the sender's recollection it provided copies of everything he took off the vessel.

Zenith responded by indicating that there is nothing more to produce, that it has stated there is nothing more to produce, and that the email indicates that there is nothing more to produce. The Court noted that Zenith has not affirmatively stated that it produced all responsive documents. The Court noted that instead, Zenith responded by stating that it believes some files were taken off the vessel and that these files were all probably personal in nature.

Accordingly, the Court concluded that Zenith should contact the Master and make sure no other documents exist responsive to the request exist and supplement its response in writing. Further, to the extent theMaster has no responsive documents, Zenith should acquire an affidavit from the Master indicating that he took no responsive documents from the vessel.

**IT IS ORDERED** that the PPD's **Motion to Compel Defendant, Zenith Pioneer SA to File More Complete Responses to the Second Set of Request for Production of Documents Propounded by Plaintiffs, Planned Property Developments, Inc., CSS Atlanta, Inc. and Carline Management Company, Inc. (doc. # 90)** is **GRANTED.** Zenith shall provide the requested documents within 15 days.

New Orleans, Louisiana, this 11th day of May, 2006

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

5